FILED

03/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0457

DA 16-0457

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 74N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

KELLY DEAN WORTHAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 03-104, 260
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kelly Dean Worthan, self-represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          William E. Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  March 15, 2017

Decided:  March 28, 2017

Filed:

                         Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Kelly Dean Worthan (Worthan) appeals the June 21, 2016 order of the Twenty-first Judicial District Court, Ravalli County, denying his motion requesting appointment of "private counsel."  This issue arose when Worthan first filed a "Motion for Counsel" on April 18, 2016, in his Ravalli County criminal proceeding.  Worthan was previously convicted of two counts of Sexual Intercourse Without Consent, two counts of Incest, and one count of Tampering With Witnesses and Informants.  His convictions were affirmed on appeal.  *State v. Worthan*, 2006 MT 147, 332 Mont. 401, 138 P.3d 805.  Worthan later filed a petition for postconviction relief, asserting a claim of ineffective assistance of trial counsel.  The petition was denied by the District Court, which was affirmed on appeal.  *Worthan v. State*, 2010 MT 98, 356 Mont. 206, 232 P.3d 380.

¶3     Upon receipt of Worthan's initial motion for counsel, the District Court entered an order noting that the motion was not clear about the type of relief Worthan sought.  The court ordered the Office of Public Defender (OPD) to "file a report with the Court which describes whether Worthan has any valid" postconviction claims that merited the appointment of a public defender.  In response, OPD filed a motion to rescind its

2

appointment to represent Worthan, stating that the District Court had "improperly and prematurely" appointed the office because Worthan's motion was "simply a vague and rambling request for counsel to undertake research, investigations, procure expert testimony etc., without any explanation of why he requires these services." The District Court granted the motion and rescinded the appointment of OPD on May 4, 2016.

¶4      On June 6, 2016, Worthan filed his motion for appointment of "private counsel," asserting that OPD had advised him that it could not represent him due to a conflict of interest, and that he needed the assistance of counsel to obtain newly discovered evidence for development of a second petition for postconviction relief. The District Court denied the motion, noting that the motion failed to demonstrate entitlement to any relief or any extraordinary circumstances that would entitle Worthan to appointment of counsel. Worthan appeals from this order.

¶5      Worthan presents the same arguments on appeal as he did to the District Court, and requests leave to file a second petition for postconviction relief. The State answers that Worthan was not entitled to appointment of counsel because he did not file a petition for postconviction relief, and that his request for leave to file a second petition for postconviction relief should be denied.

¶6      If a hearing is required or if the interests of justice require, a district court may order the appointment of counsel for a postconviction petitioner. Section 46-21-201(2), MCA; *Lacey v. State*, 2017 MT 18, ¶ 40, 386 Mont. 204, ___ P.3d ___.

3

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and record on appeal, we conclude that Worthan has not demonstrated reversible error by the District Court and that the issues raised are controlled by settled law, which the District Court properly applied. Worthan did not file a petition for postconviction relief and was not entitled to appointment of counsel to investigate possible claims. Thus, the "interests of justice" were not established. Section 46-21-201(2), MCA. Further, the issue of a second petition for postconviction relief was not presented to the District Court because such a petition was not filed.

¶8 Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER